## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

**ZUMBA FITNESS, LLC**, a Florida limited
liability company

                    Plaintiff,

        v.

**STEVEN MADDEN, LTD.**, a Delaware
corporation,

                    Defendant.

## VERIFIED COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, DILUTION, AND RELATED CLAIMS – INJUNCTIVE RELIEF SOUGHT

Plaintiff Zumba Fitness, LLC ("Zumba" or "Plaintiff") states the following for its

Complaint against Defendant Steven Madden, Ltd. ("SML" or "Defendant").

### INTRODUCTION

1.     This is an action at law and in equity for trademark infringement, unfair

competition, dilution, and injury to business reputation, arising under the Trademark Act

of 1946, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"); the anti-dilution laws of Florida,

FLA. STAT. ANN. § 495.151; and the common law.

2.     Defendant is offering for sale and selling footwear in connection with and

identical reproduction of Zumba's federally-registered ZUMBA trademark (the "ZUMBA

Mark" and Zumba's other federally-registered trademarks referenced hereinbelow are

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida 33146
305.777.1720 • friedlandvining.com

collectively referred to as the "ZUMBA Marks"). Zumba does not manufacture Defendant's footwear, nor is Defendant connected or affiliated with, or authorized by, Zumba in any way. Defendant's merchandise is likely to cause confusion and to deceive consumers and the public regarding its source, and Defendant's merchandise dilutes and tarnishes the distinctive quality of the ZUMBA Marks.

**JURISDICTION AND VENUE**

3.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. This Court has jurisdiction over Zumba's related state and common law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

4.      This Court has personal jurisdiction over Defendant because Defendant has distributed, offered for sale and/or sold infringing merchandise within this State, has engaged in acts or omissions within this State causing injury, has manufactured or distributed products used or consumed within this State in the ordinary course of trade, or has otherwise made contacts with this State sufficient to permit the exercise of personal jurisdiction. This District is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to Zumba's claims occurred in this District.

2

### THE PARTIES

5.      Zumba is a Florida limited liability company with its principal place of business located at 800 Silks Run, Suite 2310, Hallandale, Florida 33009.

6.      On information and belief, and according to the records of the U.S. Patent & Trademark Office, Defendant SML is a Delaware corporation with its principal place of business located at 52-16 Barnett Ave., Long Island City, New York 11104.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Zumba is a health, wellness, and fitness company engaged in, among other things, the creation and licensing of the exceedingly popular Zumba fitness programs. Zumba's business encompasses the production, sale, and licensing of its famous Zumba brand programs, fitness DVDs, fitness products, footwear, and apparel, all of which prominently display and/or are offered in connection with one or more of Zumba's famous and internationally-recognized, federally-registered trademarks.

8.      Zumba is the owner of U.S. Registration No. 3,851,238, issued by the United States Patent and Trademark Office on September 21, 2010, for **ZUMBA,** for, *inter alia*, "athletic footwear."  A copy of the Certificate of Registration for this mark is attached as Exhibit 1.

9.      Zumba is the owner of U.S. Registration Nos. 4,059,416 and 4,059,419, issued by the United States Patent and Trademark Office on November 22, 2011, for **ZUMBA FITNESS and Design**, for, *inter alia*, "footwear, namely, athletic footwear,

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida  33146
305.777.1720 • friedlandvining.com

sneakers, flip flops, sandals." Copies of the Certificate of Registrations for these marks are attached as Composite Exhibit 2.

10.     Zumba is the owner of U.S. Registration No. 3,965,414, issued by the United States Patent and Trademark Office on May 24, 2011, for **ZUMBAWEAR,** for, *inter alia*, "footwear." A copy of the Certificate of Registration for this mark is attached as Exhibit 3.

11.     Among the footwear products identified by Zumba's various registered trademarks are the following:



12.     Zumba's footwear products are sold on Zumba.com, in select retail locations, including in select Macy's stores, and through online retailers such as Amazon.com and Zappos.

13.     Plaintiff's Zumba-branded products and services have achieved great success. Since its inception in 2001, Zumba's wellness programs have grown to be the world's largest and most successful dance fitness program with more than 15 million people taking weekly Zumba classes in over 200,000 locations across more than 180 countries. During this time period, Zumba has also sold hundreds of millions of dollars worth of Zumba footwear, apparel and accessory products. Thus, the consuming public

4

has come to identify Zumba as the source of footwear and apparel products sold under the Zumba name.

## DEFENDANT'S UNLAWFUL ACTIVITIES

14.     On information and belief, Defendant is marketing, offering for sale, selling and distributing footwear identified as "Madden Girl Zumba Wedge Bootie," as displayed below, using an identical reproduction of the ZUMBA Mark (the "Offending Footwear"):





Madden Girl Zumba Wedge Bootie
$59.95

Madden Girl Zumba Leopard Wedge Bootie
$59.95

Madden Girl Zumba Printed Wedge Bootie
$59.95

5



15.     On information and belief, Defendant was familiar with the ZUMBA Marks when it commenced offering for sale, selling and/or distributing the Offending Footwear.

16.      On information and belief, Defendant intentionally identified the Offending Footwear to mislead and deceive consumers into believing that such products were manufactured, authorized, sponsored, approved, or licensed by Zumba.

17.     The Offending Footwear distributed, offered for sale, and/or sold by Defendant is not manufactured by Zumba, nor is Defendant licensed, authorized,

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida  33146
305.777.1720 • friedlandvining.com

sponsored, endorsed, or approved by Zumba to manufacture, distribute, offer for sale and/or sell footwear using any of the ZUMBA Marks.

18.     The ZUMBA Marks have been used extensively and continuously by Zumba, and had become famous, long before Defendant began its unauthorized use of the ZUMBA Marks in connection with efforts to promote and sell the Offending Footwear.

19.     The Offending Footwear sold by Defendant competes with goods sold by Zumba, and is sold through overlapping channels of trade.

20.     For example, the Offending Footwear produced by Defendant is offered for sale and sold in online retail outlets where Zumba's footwear products are sold, including on Amazon.com and Zappos.

21.     Defendant's use of reproductions of the ZUMBA Marks is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the Offending Footwear sold by Defendant is manufactured by, authorized by, sponsored by, approved by, licensed by, or in some manner associated with Zumba, which it is not. The likelihood of confusion, mistake and deception engendered by Defendant's misappropriation of the ZUMBA Marks is causing irreparable harm to the goodwill symbolized by the ZUMBA Marks and the reputation for quality that they embody.

22.     Defendant's activities are likely to cause confusion because, *inter alia*, prospective purchasers, and others viewing the Offending Footwear at the point of sale are likely -- due to Defendant's use of the ZUMBA Mark -- to mistakenly attribute the

7

product to Zumba. This is particularly damaging with respect to those persons who perceive a defect or lack of quality in Defendant's products.  By causing such a likelihood of confusion, mistake, and deception, Defendant is inflicting irreparable harm to the goodwill symbolized by the ZUMBA Marks and the reputation for quality that they embody.

23.    On information and belief, Defendant knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar reproductions of the ZUMBA Marks.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

24.    Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 23.

25.    Defendant's use of confusingly similar imitations of the ZUMBA Marks is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured or distributed by Zumba, or associated or connected with Zumba, or have the sponsorship, endorsement, or approval of Zumba.

26.    Defendant has used a mark confusingly similar to one or more of Zumba's federally registered marks in violation of 15 U.S.C. § 1114, and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida  33146
305.777.1720 • friedlandvining.com

Zumba's goodwill and reputation as symbolized by the federally registered ZUMBA

Marks, for which Zumba has no adequate remedy at law.

27.     Defendant's actions demonstrate an intentional, willful, and malicious

intent to trade on the goodwill associated with Zumba's federally registered ZUMBA

Marks to Zumba's great and irreparable injury.

28.      Upon information and belief, by its acts, Defendant has made and will

make substantial profits and gains to which it is not in law or in equity entitled.

29.     Defendant has caused and is likely to continue causing substantial injury to

the public and to Zumba, and Zumba is entitled to injunctive relief and to recover

Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable

attorneys' fees under 15 U.S.C. §§ 1114, 1116 and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

30.     Zumba repeats and incorporates by reference the allegations in paragraphs

1 through 23.

31.     Defendant's use of confusingly similar imitations of the ZUMBA Marks

has caused and is likely to cause confusion, deception, and mistake by creating the false

and misleading impression that Defendant's goods are manufactured or distributed by

Zumba, or are affiliated, connected, or associated with Zumba or have the sponsorship,

endorsement, or approval of Zumba.

9

32.     Defendant has made false representations, false descriptions, and false designations of origin of its goods in violation of 15 U.S.C. § 1125(a), and Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public and, additionally, injury to Zumba's goodwill and reputation as symbolized by the ZUMBA Marks, for which Zumba has no adequate remedy at law.

33.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZUMBA Marks to the great and irreparable injury of Zumba.

34.      Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or in equity entitled.

35.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to Zumba. Zumba is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(a), 1116 and 1117.

### THIRD CLAIM FOR RELIEF
**(Federal Trademark Dilution)**

36.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 23.

37.     Zumba has extensively and continuously promoted and used the registered ZUMBA Marks both in the United States and throughout the world.  The mark thereby

10

had become a famous and well-known symbol of Zumba's goods and services well before Defendant offered for sale the footwear complained of in this Complaint.

38.    Defendant is making commercial use in commerce of a mark that dilutes and is likely to dilute the distinctiveness of the ZUMBA Mark by eroding the public's exclusive identification of this famous mark with Zumba, tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish goods and services.

39.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZUMBA Mark or to cause dilution of the ZUMBA Mark, to the great and irreparable injury of Zumba.

40.     Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or in equity entitled.

41.    Defendant has caused and will continue to cause irreparable injury to Zumba's goodwill and business reputation, and dilution of the distinctiveness and value of Zumba's famous and distinctive ZUMBA Mark in violation of 15 U.S.C. § 1125(c). Zumba therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1125(c), 1116 and 1117.

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida  33146
305.777.1720 • friedlandvining.com

**FOURTH CLAIM FOR RELIEF**
**(State Trademark Dilution and Injury to Business Reputation)**

42.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 23.

43.     Zumba has extensively and continuously promoted and used the registered ZUMBA Mark both in the United States and throughout the world, and the mark has become a distinctive, famous and well-known symbol of Zumba's goods and services.

44.     Defendant's unauthorized use of Zumba's registered ZUMBA Mark dilutes and is likely to dilute the distinctiveness of Zumba's mark by eroding the public's exclusive identification of this famous and well-known mark with Zumba, and tarnishing and degrading the positive associations and prestigious connotations of the Mark.

45.     Defendant is causing and will continue to cause irreparable injury to Zumba's goodwill and business reputation, and dilution of the distinctiveness and value of Zumba's famous and distinctive ZUMBA Mark in violation of Florida law, FLA. STAT. ANN. § 495.151. Zumba therefore is entitled to injunctive relief, damages and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

**SIXTH CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

46.     Zumba repeats and incorporates by reference the allegations in paragraphs 1 through 23.

12

47.     Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create a likelihood of confusion to the irreparable injury of Zumba unless restrained by this Court. Zumba has no adequate remedy at law for this injury.

48.     On information and belief, Defendant acted with full knowledge of Zumba's use of, and statutory and common law rights to, the ZUMBA Marks and without regard to the likelihood of confusion of the public created by Defendant's activities.

49.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the ZUMBA Marks to the great and irreparable injury of Zumba.

50.      Upon information and belief, by its acts, Defendant has made and will make substantial profits and gains to which it is not in law or in equity entitled.

51.     As a result of Defendant's acts, Zumba has been damaged in an amount not as yet determined or ascertainable. At a minimum, however, Zumba is entitled to injunctive relief, to an accounting of Defendant's profits, to damages, and to costs.  In light of the deliberately fraudulent and malicious use of confusingly similar imitations of the ZUMBA Marks, and the need to deter Defendant from similar conduct, Zumba additionally is entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Zumba prays that:

**FRIEDLAND VINING, P.A.** • 1500 San Remo Avenue • Suite 200 • Coral Gables, Florida  33146
305.777.1720 • friedlandvining.com

1.      Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined preliminarily and permanently, from:

> a.  using any trademark, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is a copy, reproduction, colorable imitation, or simulation of, or confusingly similar to, or in any way similar to the trademarks or trade dress of Zumba;
>
> b.  using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods or services are produced or provided by Zumba, or are sponsored or authorized by Zumba or are in any way connected or related to Zumba;
>
> c.  using any trademark, trade dress, service mark, name, logo, design or source designation of any kind on or in connection with Defendant's goods or services that dilutes or is likely to dilute the distinctiveness of the trademarks, trade dress, service marks, names, or logos of Zumba; and
>
> d.  passing off, palming off, or assisting in passing off or palming off Defendant's goods or services as those of Zumba, or otherwise

14

continuing any and all acts of unfair competition as alleged in this Complaint;

2.      Defendant be ordered to recall all products bearing the ZUMBA Marks or any other confusingly similar variation thereof, which have been shipped by Defendant or under its authority, to any customer, including, but not limited to, any wholesaler, distributor, retailer, consignor, or marketer, and also to deliver to each customer a copy of this Court's order as it relates to said injunctive relief against Defendant;

3.      Defendant be ordered to deliver up for impoundment and for destruction all footwear, bags, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery or other materials in the possession, custody, or under the control of Defendant that are found to adopt, to infringe, or to dilute any of the ZUMBA Marks or that otherwise unfairly compete with Zumba and its products and services;

4.      Defendant be compelled to account to Zumba for any and all profits derived by Defendant from the sale or distribution of infringing goods as described in this Complaint;

5.      Zumba be awarded all damages caused by the acts forming the basis of this Complaint;

6.      Based on Defendant's knowing and intentional use of confusingly similar imitations of the ZUMBA Marks, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a);

15

7.    Defendant be required to pay to Zumba the costs of this action and its reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

8.    Based on Defendant's willful and deliberate infringement and dilution of the ZUMBA marks, and to deter such conduct in the future, Zumba be awarded punitive damages;

9.    Defendant be required to pay prejudgment interest on the damages and profits awards; and

10.    Zumba have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

Zumba respectfully demands a trial by jury on all claims and issues so triable.

Dated: October 6, 2014                          Respectfully submitted,

**FRIEDLAND VINING, P.A.**

 /s/Jaime Rich Vining
David K. Friedland
Florida Bar No. 833479
Jaime Rich Vining
Florida Bar No. 30932
1500 San Remo Avenue
Suite 200
Coral Gables, Florida 33146
305.777.1720 telephone
305.456.4922 facsimile
dkf@friedlandvining.com
jrv@friedlandvining.com

*Attorneys for Plaintiff Zumba Fitness, LLC*

16

## VERIFICATION

In accordance with 28 U.S.C. § 1746, I, Alan Veronick, as Global Intellectual Property Counsel for Plaintiff Zumba Fitness, LLC, declare under penalty of perjury that I have read the foregoing Verified Complaint and that the facts stated therein are true and correct.

Executed in Hallandale, Florida, this 6th day of October, 2014.

Alan Veronick

17